RECEIVED

MAY 30 2012

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA 2012 MAY 30 PM 3:54

IN THE MATTER OF )
) NO. 1:12-mc-0041-RLY-DML
CHARLES P. WHITE )

## RESPONSE TO ORDER TO SHOW CAUSE

Comes now the Respondent, pro se, and having received the Order to Show Cause why the Respondent should not be given reciprocal discipline to that ordered by the Indiana Supreme Court, does respectfully submit the following:

1. That the Respondent is currently waiting for the completion of the record and has engaged legal counsel to appeal the results of the trial ending on or about February 4, 2012. That the Respondent is expecting the record to be completed regarding his criminal cause of action on or about the middle of June. Subsequent to said record being completed, Respondent's appeal's counsel will begin reviewing the record, drafting and filing Respondent's brief pursuant to the deadlines ordered by the Court of Appeals pursuant to the Indiana Code.

2. That while the Respondent is engaging in his appeals process, he is not in a position at this time to provide a thorough response to this order because there are many critical issues arising from statute and legal precedent that need to decided.

3. At the time at issue in the criminal and civil causes of action and to this day, it is was Respondent's good faith belief that he complied with statutes and controlling legal precedent from both state and federal jurisdictions that are applicable to his particular personal situation as well as applied to persons similarly situated to the Respondent who have had issues prior to and subsequent to Respondent's criminal cause of action.

4. The Attorney General's office, which had in its discretion to continue or not to continue to represent the Findings of Fact and Conclusions of Law found by the Recount Commission, among other things, wrote the following in their brief filed with the Indiana Supreme Court prior to oral arguments on February 29, 2012:

"White was registered in Indiana and was constitutionally and statutorily entitled to vote."

"He (White) was also properly registered to at the Broad Leaf home. He had properly abandoned all other residences to which he could return. Broad Leaf was also the home of his immediate family because his son lived there. Generally, Broad Leaf was a "non-traditional" residence," which election law defines as not fixed or permanent. He intended to live there until he was married and moved to the Overview Condominium."

5. That the Respondent prevailed in the cause of Indiana Democrat Party and Daniel Parker v. Charlie White, Indiana Recount Commission, et al on or about March 15, 2012. The findings of facts used in said decision came from the 2011 adversarial evidentiary hearing before the Indiana Recount Commission where both direct and circumstantial evidence was presented.

6. That the Respondent prays that the Court will take is decision under advisement until it has the benefit of decisions issued by Courts who will be reviewing the Respondent's appeal.

7. That during the Respondent's entire legal career, he has been not been adjudged to have committed an error or omission in the practice of Indiana Law, which was almost exclusively in the areas of Family Law and Natural Resources Law.

Wherefore, the Respondent prays that this Court will take its decision to order reciprocal discipline under advisement until the Respondent and the Court have the benefit of a final decision on his forthcoming appeal and for all other relief just and proper in the premises.

Respectfully Submitted,

*/s/ Charles P. White*

Charles P. White
Respondent, pro se


Charles P. White
13086 Overview Drive
Fishers, Indiana 46037